902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Edward SHUMAKER, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, Defendant-Appellee.
 No. 90-1001.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1990.
 
 1
 Before WELLFORD and BOGGS, Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff, David Edward Shumaker, filed a complaint pursuant to both the Federal Tort Claims Act, 28 U.S.C. Sec. 1346, and the Privacy Act, 5 U.S.C. Sec. 552a, in the District Court for the Eastern District of Michigan. As the basis of his cause of action, he generally alleged that individuals employed by defendant, Veterans Administration, had committed malpractice in providing him with medical care, made inaccurate entries in his medical records, and withheld those records from him. Plaintiff requested the revision of his medical records and $150,000 in compensatory and punitive damages.
 
 
 4
 Defendant subsequently filed a motion for summary judgment in which it sought the dismissal of the complaint based upon plaintiff's failure to obtain full administrative review of his claims. A magistrate, based in part upon plaintiff's failure to respond to the motion, recommended that summary judgment be granted in defendant's favor and the complaint be dismissed. Over plaintiff's objections, the district court adopted the magistrate's recommendation in full and entered judgment for defendant. Plaintiff then filed this appeal.
 
 
 5
 A district court may grant a motion for summary judgment only if, construing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Both those conditions have been satisfied in the present appeal as the parties do not dispute plaintiff's receipt of treatment from defendant or the contents of his medical records. Due to his failure to respond to the motion for summary judgment, plaintiff also can not challenge defendant's factual assertion, as supported by affidavit, that he has yet to fully avail himself of the administrative procedures provided for redress of his claims. Fed.R.Civ.P. 56(e). See also, Shavrnoch v. Clark Oil and Refining Corp., 726 F.2d 291, 293 (6th Cir.1984). As such efforts are a prerequisite to the filing of an action in federal court under either the Privacy Act or the Federal Tort Claims Act, the district court correctly concluded that defendant was entitled to judgment as a matter of law and dismissed the complaint. 5 U.S.C. Sec. 552a(g)(i)(A); 28 U.S.C. Sec. 2675(a).
 
 
 6
 Accordingly, the district court's final judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation